## MOORE v. LAKE COMPANY.

In an action upon a contract, a variance between the declaration and proof, not matter of description, and which does not change the nature of the contract, is immaterial.

ASSUMPSIT, for breach of contract for sawing lumber. The declaration contained three special counts. In the first and second counts the consideration for the defendants' promise was stated as follows : "The said defendants then and there promised and agreed to and with the plaintiffs, that, in consideration that the plaintiffs would draw their said lumber to said mill to be sawed, and pay the defendants the prices hereinafter stated for sawing the same, they would saw the whole of said lumber. * * " In the third count it was alleged that the defendants " then and there promised and agreed to and with the plaintiffs, that in consideration that the plaintiffs would run or draw their lumber aforesaid into the pond of said mill to be sawed, and pay the defendants the prices hereinafter stated for sawing the same, they would saw. * * * "

The evidence tended to prove that the plaintiffs' logs were in the pond and river at the defendants' mill when the contract for sawing was made, and none of the lumber was ever run or drawn to the mill by the plaintiffs afterwards.

The defendants contended that there was a material variance between the consideration as alleged and proved, and requested the

court to instruct the jury that if they found that the plaintiffs' logs were in the pond and river at the defendants' mill at the time of the alleged special contract with the defendants, then the consideration stated in the special counts, viz., in consideration that the plaintiffs would draw, or would run or draw, their lumber to said mill, is not proved, and the plaintiffs cannot recover upon those counts.

The court instructed the jury, that, in order to recover, the plaintiffs must prove the contract substantially as alleged, and declined to give the instructions requested, and the defendants excepted. Verdict for the plaintiffs, and motion for a new trial.

*Hibbard*, *Whipple*, and *Hutchinson*, for the defendants.

*Tappan & Albin*, *Rand*, and *Key*, for the plaintiffs.

CLARK, J. The phrases "would draw their said lumber to said mill to be sawed," and "would run or draw their lumber aforesaid into the pond of said mill to be sawed," in the declaration, are equivalent to "would deliver their lumber at said mill to be sawed," and there is no material variance. The delivery of the lumber to be sawed, and the promise to pay the agreed price for sawing by the plaintiffs, constituted the consideration for the defendants' promise to saw the lumber. Whether the logs were already in the pond at the mill, or on the lot where they were cut, was immaterial. The distance the plaintiffs had to draw their logs to deliver them to the defendants for sawing, or whether they had to draw them at all, was neither matter of description nor any part of the substance of the contract. The plaintiffs were not bound to support their declaration literally, but substantially. 1 Ch. Pl. 316. When there is no direct contradiction between the allegations and the evidence, it is in general sufficient that they agree in substance. 1 Ch. Pl. 299. A variance is immaterial which does not change the nature of the contract. *Ferguson* v. *Harwood*, 7 Cranch 409; *Badger* v. *Burleigh*, 13 N. H. 507, 512.

*Judgment on the verdict.*

FOSTER, J., did not sit.